Burton, J.,
delivered the opinion of the court.
In May, 1871, a suit was pending in the Circuit' Court of Gibson County, in which B. L. Flowers was plaintiff and Martin Halliburton was defendant. By written agreement signed by the parties, the cause was submitted to the arbitrament of C. A. Brown, E. Boy-ett, and J. H. McDaniel. On the 1st of July, 1871, two of the arbitrators met with the plaintiff and defendant, for the purpose of arbitrating the cause. McDaniel, the third arbitrator, was absent, on which account the parties agreed, very willingly as the witnesses say, that Jesse Heedham be substituted in the *26 place of the absent arbitrator. Thereupon, Needham, Boyett, and Brown, heard all the evidence, and made their award in writing, which recited that they awarded to Flowers $130.28, and all costs, against Halliburton. On the 23d day of August, 1871, Flowers dismissed his suit in the circuit court, and Halliburton came forward and assumed all the costs. ' This was done, no doubt, in pursuance of the above award. On the 6th of November, Flowers brought a suit for the money awarded him, before a justice of the peace for Gibson County, against Halliburton. The justice gave judgment against Halliburton for the amount of the award, from which he appealed to the Circuit Court of Gibson County, where the cause was disposed of at the August term, 1872. The court affirmed the magistrate’s judgment, and Halliburton has appealed to this court. It is very earnestly insisted here that this award is void, because there was no written agreement submitting the cause to the arbitrament of the persons who acted as arbitrators. The gist of the objection is, that when the parties met, Needham was, by parol agreement, substituted in the place of McDaniel, who was named on the written submission. No other objection is made to the award.
The objections taken to this judgment and proceeding are all, as we think, based upon a misconception of the object and purpose of the legislation upon the subject of arbitration, embraced in the Code. By the common law, there was no power in the courts to make any reference to arbitrators a rule of court, and to make their award the judgment of the court, unless *27 there was a suit pending in tbe court upon the matter in dispute. The Code, adopting the act of 1852, furnishes a remedy for this defect of the common law, as the act of William III. had long ago done in England. It provides that whether there is a suit pending or not, the parties may submit “all causes of action” to the decision of arbitrators, whose award is-to be made the judgment of the court. Car. His. Lawsuit, pp. 371 — 2. Section 3434 does require that the-written submission shall specify the demands submitted, the names of the arbitrators, and the court by which the judgment on their award is to be rendered.
The object, however, of these provisions, and of the provisions of the other sections of the Code on the-subject, is to give to the courts jurisdiction to enter-judgment and award execution upon awards when the matters submitted are not already in litigation in the courts. A compliance with the statutory requirements confers upon the court agreed upon, jurisdiction of the parties and of the subject matter, just as if the parties had been brought into court bv the service of process. We do not understand that this legislation repeals or alters the common law rule, that a parol submission to arbitration is binding, and gives a good cause of action to the party in whose favor the award is made, for the amount thereof.
The case in hand was an original suit upon an award made, and not an application to enter an award-as the judgment of the circuit court. We think, therefore, that tbe statutory requirement, that the arbitrators shall be named in writing, is not applicable to *28 this case, but we by no means concede that the' substitution by verbal agreement of one arbitrator, in lieu of another named in the written submission, would invalidate the submission in an arbitration strictly under the Code. . It has been held by this court, in a case arising before the act of 1852, that after a submission by deed, an arbitrator may, with the assent of the parties, be substituted in the place of one of the original arbitrators. Cooley v. Dill, 1 Swan, 313.
We have already expressed the opinion that the present case was not affected by the statute, and it follows, therefore, that the decision just cited is a controlling authority in this case.
Let the judgment of the circuit court be affirmed.